# United States District Court
## for the
## District of Alaska

RECEIVED
NOV 30 2007
CLERK, U.S. DISTRICT COURT
ANCHORAGE, A.K.

### Petition for Warrant or Summons for Offender Under Supervised Release

Name of Offender: Angela Galeana  Case Number: J04-0004-02CR (JWS)

Sentencing Judicial Officer:   John W. Sedwick, Chief U.S. District Court Judge

Date of Original Sentence:   July 25, 2005

Original Offense:   Drug Conspiracy in violation of 21 U.S.C. § 846

Original Sentence:   30 months imprisonment, five years supervised release

Date Supervision Commenced:   January 08, 2007

Asst. U.S. Attorney: Frank Russo   Defense Attorney: D. Scott Datton

## PETITIONING THE COURT

[X]  To issue a warrant
[ ]  To issue a summons

The probation officer believes that the offender has violated the following condition(s) of supervised release:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1 | The defendant has violated the Standard Condition of Supervision 6, "The defendant shall notify the probation officer at least ten days prior to any change of residence or employment," in that on November 1, 2007, the manager of the Travel Lodge advised the probation officer that the defendant no longer worked there. The defendant failed to advise the probation officer of the change in employment status as required. This violation is a Grade C violation. |
| 2 | The defendant has violated the Standard Condition of Supervision 6, "The defendant shall notify the probation officer at least ten days prior to any change of residence or employment," in that on November 1, 2007, the manager of the Travel Lodge advised the probation officer that the defendant had moved into one of the hotel rooms and left without paying. The defendant failed to advise the probation officer of the change in residence as required. This violation is a Grade C violation. |

| | |
|---|---|
| 3 | The defendant has violated the Mandatory Condition of Supervision "The defendant shall refrain from unlawful use of controlled substances and shall submit to one drug test within 15 days of release on supervision and at least two periodic drug tests thereafter, not to exceed 12 tests per month, at the direction of the probation officer," in that the defendant submitted to drug testing on April 13, May 24, and July 10, 18, 25, 30, 2007, which tests indicated positive for the presence of Methamphetamine and Amphetamine. This violation is a Grade C violation. |
| 4 | The defendant has violated the Mandatory Condition of Supervision "The defendant shall refrain from unlawful use of controlled substances and shall submit to one drug test within 15 days of release on supervision and at least two periodic drug tests thereafter, not to exceed 12 tests per month, at the direction of the probation officer," in that the defendant failed to report for drug testing as directed on February 2, March 2, May 10 and 18, June 7 and 21, July 5, September 7 and 12, October 10, and November 7 and 15, 2007. This violation is a Grade C violation. |
| 5 | The defendant has violated the Special Condition of Supervision "In addition to submitting to drug testing in accordance with the Violent Crime Control and Law Enforcement Act of 1994, at the discretion of the probation officer, the defendant shall participate in a program approved by the United States Probation Office for substance abuse treatment, which program shall include counseling and/or testing to determine whether the defendant has reverted to the use of drugs or alcohol," in that on November 5, 2007, the defendant was discharged from treatment due to non-compliance. This violation is a Grade C violation. |
| 6 | The defendant has violated the Standard Condition of Supervision 2, " The defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month," in that the failed to submit a Monthly Supervision Report for the month of October. This violation is a Grade C violation. |
| 7 | The defendant has violated the Standard Condition of Supervision 3, "The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer," in that on November 1, 2007, the probation officer left a voicemail at the defendant's last known residence instructing the defendant to call the probation officer. Additionally, on this date, the probation officer left a message with the defendant's brother, Peter Galeana, instructing the defendant to call the probation officer. The defendant never called the probation officer as instructed. This violation is a Grade C violation. |

| | |
|---|---|
| 8 | The defendant has violated the Standard Condition of Supervision 3, "The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer," in that on November 2, 2007, the probation officer left a voicemail at the defendant's last known residence instructing her to call the probation officer. Additionally, the probation officer called the defendant's sister, Sandra Galeana, and left a message instructing the defendant to call the probation officer. The defendant never called the probation officer as instructed. This violation is a Grade C violation. |

Respectfully submitted,

REDACTED SIGNATURE

Mary Frances Barnes
U.S. Probation Officer
Date: November 30, 2007

Approved by:

REDACTED SIGNATURE

Eric D. Odegard
Supervising U.S. Probation Officer

THE COURT ORDERS

[X] *The WARRANT FOR ARREST be delivered to the U.S. Marshal's Service; and the petition, probation officer's declaration, and a copy of the warrant shall be sealed in the Clerk's file and disclosed only to the U.S. Attorney for their official use, until the arrest of the offender.* The petition for supervised release revocation is referred to the Magistrate Judge for initial appearance/preliminary hearing(s). The evidentiary hearing, if any, will be before the Magistrate Judge only upon consent; otherwise the evidentiary hearing will be before the undersigned District Court Judge.

[ ] The issuance of a summons. The Petition for Supervised Release revocation is referred to the Magistrate Judge for initial appearance/preliminary hearing(s). The evidentiary hearing, if any, will be before the Magistrate Judge only upon consent; otherwise the evidentiary hearing will be before the undersigned District Court Judge.

[ ] Other:

REDACTED SIGNATURE

John W. Sedwick
Chief U.S. District Court Judge

November 30, 2007
Date

**Supervised Release Cases:** Pursuant to 18.U.S.C. § 3401(I), the sentencing District Court may designate a Magistrate Judge to conduct hearings to modify, revoke, or terminate supervised release, including evidentiary hearings, and to submit to the Court proposed findings of facts and recommendations, including disposition recommendations.
**Probation Cases:** Pursuant to *United States v. Frank F. Colacurcio,* 84 F.3d 326, a Magistrate Judge has the authority to conduct a probation revocation hearing **only if** the following three conditions are satisfied: (1) the defendant's probation was imposed for a misdemeanor; (2) the defendant consented to trial, judgment, and sentence by a Magistrate Judge; and (3) the defendant initially was sentenced by a Magistrate Judge. Therefore, a District Court **may not** designate a Magistrate Judge to conduct revocation hearings on probation cases where a District Court was the sentencing Court.

United States District Court
for the
DISTRICT OF ALASKA

| | |
|---|---|
| **UNITED STATES OF AMERICA** )<br>)<br>)<br>vs.                              )<br>)<br>)<br>Angela Galeana                     ) | Case Number: J04-0004-02CR (JWS)<br><br>DECLARATION IN SUPPORT OF PETITION |

I, Mary Frances Barnes, am the U.S. Probation Officer assigned to supervise the Court-ordered conditions of supervised release for Angela Galeana, and in that capacity declare as follows:

On January 8, 2007, Angela Galeana was released from the custody of the Bureau of Prisons in California and provided with transportation to Juneau, Alaska.

On January 9, 2007, Galeana called the probation officer and advised that she in fact arrived in Juneau the previous night.

On January 16, 2007, Galeana obtained full-time employment at the Breeze Inn as a doughnut maker working the late-night shift from 10:00pm to 6:00am.

On January 18, 2007, the probation officer met Galeana at her residence at 4316 Mendenhall Blvd., Juneau, Alaska. The probation officer read, reviewed and signed conditions of supervision with Galeana. Additionally, Galeana was provided instructions on the random drug-testing-phone-in-system, and directed to submit to drug testing.

On February 27, 2007, Galeana was referred to Gastineau Human Services for an assessment on March 1, 2007, regarding mental health and substance abuse treatment.

On March 2, 2007, Galeana failed to report for drug testing as directed.

The assessment dated March 28, 2007, indicated that Galeana's prognosis was "guarded" and Outpatient treatment was recommended.

On April 13, 2007, Galeana submitted to drug testing, which test returned positive for the presence of Amphetamine and Methamphetamine.

*Affidavit:*
*Galeana, Angela*
*J04-0004-02CR (JWS)*

In May 2007, Galeana began mental health/substance abuse treatment with two group sessions per month and two individual sessions per month. Galeana was inconsistent with her attendance in treatment.

On May 10 and 18, 2007, Galeana failed to report for drug testing as directed.

On May 24, 2007, Galeana submitted to drug testing, which test returned positive for the presence of Amphetamine and Methamphetamine.

Some time in the beginning of June 2007, Galeana began working the day shift at the Breeze Inn. Galeana failed to notify the probation officer of the change in work shifts as required.

On June 7 and 21, 2007, Galeana failed to report for drug testing as directed.

On June 22, 2007, the probation officer conducted an unannounced visit in the middle of the day to Galeana's employment at the Breeze Inn. The defendant's sister, Sandra Galeana advised the probation officer that the defendant no longer worked the day shift and had gone back to the night shift. Galeana failed to notify the probation officer of the change in work shifts as required.

On July 5, 2007, Galeana failed to report for drug testing as required.

On July 10, 18, 25, and 30, 2007, Galeana submitted to drug testing which tests returned positive for the presence of Amphetamine and Methamphetamine.

On July 30, 2007, the probation officer conducted an unannounced home visit and reprimanded Galeana regarding her positive drug tests and missed treatment appointments. Galeana indicated a willingness to work with treatment and the probation officer to regain control over her life and comply with the conditions of her supervised release.

In August 2007, because of Galeana's relapse and failure to participate in treatment, Gastineau Human Services re-evaluated Galeana and recommended residential treatment. However, Galeana did not want to relocate to Anchorage for residential treatment. The probation officer and the counselor at Gastineau Human Services agreed to modify Galeana's treatment strategy to four individual sessions and two group sessions per month. Galeana again was inconsistent with her attendance in treatment.

On September 7 and 12, 2007, Galeana failed to report for drug testing as required.

On October 10, 2007, Galeana failed to report for drug testing as required.

*Affidavit:*
*Galeana, Angela*
*J04-0004-02CR (JWS)*

On November 1, 2007, the probation officer conducted an unannounced visit to Galeana's last known employment at the Travel Lodge. The day manager told the probation officer that Galeana stopped coming to work approximately one week ago. The day manager said that they had rented a room to Galeana and that she left without paying at the same time Galeana stopped coming to work. The day manager said that they do not know where Galeana is and no one has heard from her. The day manager indicated that he believed that Galeana was using illegal drugs. The general manager of the Travel Lodge, Linda, confirmed the above information.

On November 1, 2007, the probation officer conducted an unannounced home visit to Galeana's last known address at 4316 Mendenhall Blvd and talked to Galeana's brother, Peter Galeana, who advised that his sister "was out with friends." The probation officer left a business card and indicated that if Peter Galeana had contact with his sister to have Galeana call the probation officer immediately.

On November 1, 2007, the probation officer left a voice mail on Galeana's residence directing Galeana to call the probation officer immediately.

On November 2, 2007, the probation officer again left a voice mail on Galeana's residence directing Galeana to call the probation officer immediately.

On November 2, the probation officer called Galeana's sister, Sandra Galeana, and inquired of the whereabouts of the defendant. Sandra Galeana had not seen her sister and did not know where she was. The probation officer requested that if Sandra Galeana had contact with her sister to have Galeana call the probation officer immediately.

On November 5, 2007, Galeana failed to submit a Monthly Supervision Report for the month of October as required.

On November 7 and 15, 2007, Galeana failed to report for drug testing as required.

On November 26, 2007, the probation officer received a report from Gastineau Human Services indicating that Galeana had been involuntarily discharged from treatment on November 5, 2007, due to non-compliance. The report indicated that Galeana's last contact with treatment was October 30, 2007.

Galeana has moved and quit her employment without notifying the probation officer. Galeana has had several positive drug tests for Methamphetamine and Amphetamine and has failed to submit to subsequent drug testing as required. The probation officer has unsuccessfully attempted to locate Galeana and her current whereabouts are unknown. Therefore a warrant for arrest is respectfully requested.

3

*Affidavit:*
*Galeana, Angela*
*J04-0004-02CR (JWS)*

Executed this 30th day of November, 2007, at Anchorage, Alaska, in conformance with the provisions of 28 U.S.C. § 1746.

I declare, under penalty of perjury, that the foregoing is true and correct, except those matters stated upon information and belief, and as to those matters, I believe them to be true.

_____REDACTED SIGNATURE_____
Mary Frances Barnes
U.S. Probation Officer

4